UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN W. TAYLOR, IV,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW GRAVES and BRENDAN MYERS,<br><br>Defendants. | CAUSE NO. 3:25-CV-545-TLS-AZ |

OPINION AND ORDER

John W. Taylor, IV, a prisoner without a lawyer, filed a complaint alleging he was sprayed with a chemical agent and denied a decontamination shower. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Taylor alleges Matthew Graves sprayed him with a chemical agent on January 25, 2024, after he requested to speak to his supervisor. Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (cleaned up). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the

extent of the injury suffered by the prisoner. *Id*. Though Taylor was refusing to relocate to general population because he was seeking protective custody, this complaint plausibly states a claim against Matthew Graves for an excessive use of force because it appears the amount of force used was greater than necessary in response to the request to speak to a supervisor.

Taylor alleges Matthew Graves and Brendan Myers denied him a decontamination shower after he was sprayed. To prevail on an Eighth Amendment claim for a denial of medical treatment against non-medical staff, a plaintiff must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). These allegations state a claim against Matthew Graves and Brendan Myers.

For these reasons, the court:

(1) GRANTS John W. Taylor, IV, leave to proceed against Matthew Graves in his individual capacity for compensatory and punitive damages for spraying him with a chemical agent at the Miami Correctional Facility on January 25, 2024, in violation of the Eighth Amendment;

(2) GRANTS John W. Taylor, IV, leave to proceed against Matthew Graves and Brendan Myers in their individual capacities for compensatory and punitive damages for denying him a decontamination shower in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) LIFTS the stay (ECF 20);

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

locate and serve process on) Matthew Graves and Brendan Myers at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 7);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Matthew Graves and Brendan Myers to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 16, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT